## AMERICAN INDEMNITY CO. v. GREEN et al.   (No. 8760.)*

(Court of Civil Appeals of Texas.   Galveston.
Feb. 18, 1926.   Rehearing Denied
March 10, 1926.)

**1. Master and servant ⬤➾418(3)—Compensation insurer held not in position to raise any other objection to judgment than that specified in stipulation.**

Insurer, which agreed in stipulation between parties that only issue in suit to set aside award of ·compensation to injured workman was whether operation for hernia would have been more than ordinarily unsafe, is not in position to urge any other objection to judgment on appeal.

**2. Master and servant ⬤➾405(6)—Evidence held to show operation for hernia would be more than ordinarily unsafe for aged employee.**

Evidence *held* sufficient to support finding that it would be more than ordinarily unsafe for 71 year old employee, who had been injured in course of his employment, to submit to operation for hernia.

**3. Evidence ⬤➾571(1)—Opinion of osteopath as to whether operation for hernia would be more than ordinarily unsafe is not to be discounted in comparison with that of physician (Rev. St. 1911, arts. 5739, 5742).**

Opinion of osteopath as to whether operation for hernia would be more than ordinarily unsafe is not to be discounted in comparison with that of physician, since they are required, by Rev. St. 1911, arts, 5739, 5742, to pass same examination.

**4. Master and servant ⬤➾405(6)—Evidence held to justify award of lump sum to aged employee.**

Evidence *held* sufficient to support award of lump sum for 71 year old employee, dependent on earnings for support of himself and wife, who suffered total and permanent incapacity by injury received in course of employment.

Appeal from District Court, Galveston County; L. C. Brady, Judge.

Suit by the American Indemnity Company against John Green and others to set aside an award of the Industrial Accident Board granting compensation to defendant named. Judgment for defendants, and plaintiff appeals. Affirmed.

Terry, Cavin & Mills, of Galveston, for appellant.

Frank S. Anderson, of Galveston, for appellees.

GRAVES, J. This suit was filed by the appellant to set aside an award of the Industrial Accident Board granting appellee, John Green, compensation, under the Employers' Liability Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), of $11.08 per week for a period of 401 weeks, unless changed or altered by the board. The injury for which the award was made was a hernia suffered by Green in the course of his employment.

The appellee answered, not only contesting the setting aside of the award, but also by counterclaim seeking a redemption of the alleged liability of the indemnity company to him as a result of the injury in a lump sum settlement, on allegations to the effect that it totally and permanently incapacitated him, further averring that' he was over 71 years of age, and on account of that, as well as his physical condition, it would be more than ordinarily unsafe for him to submit to a surgical operation for relief of the injury, which, accordingly, he was unwilling to do. By further pleading, appellant denied that the operation would be more than ordinarily unsafe; offered to pay the expenses thereof; and prayed that it be ordered by the court.

The cause was submitted to a jury upon the following special issue:

"Do you find that it would be more than ordinarily unsafe for the defendant John Green to submit to an operation for the hernia from which he is suffering?"

—which inquiry the jury answered in the affirmative.

Judgment was thereupon entered affirming the order of the Industrial Accident Board, and further decreeing that appellant redeem its liability in a lump sum settlement of $3,703.12, which the court found was the present value of the compensation so previously allowed by the Accident Board. From that judgment this appeal proceeds.

Appellant presents two propositions as a basis of its appeal; under the first attacking the finding of the jury that it would be more than ordinarily unsafe for the appellee to submit to an operation as being so contrary to the manifest weight of the evidence as to be clearly wrong; under the other attacking the award of the lump· sum by the court as being without any evidence to support it.

[1] There appears in the statement of facts the following written stipulation between the parties:

"It is agreed that American Indemnity Company is the compensation insurer for Walsh and Burney; that John Green was injured, suffered a hernia, in the course of his employment by Walsh and Burney; that he properly reported and gave notice of the injury; that the award of the Industrial Accident Board was made as pleaded by both parties; and that this suit is expressly filed to set aside that award; and the only issue in the case is whether an operation for hernia could have been performed which would not have been ordinarily unsafe in the language of the statute."

Under this agreement between the litigants we think appellant is not in a position to here urge any other objection to the judg-

ment ·than that therein specified; that is, "the only issue in the case is whether an operation for hernia could have been performed which would not have been ordinarily unsafe, in the language of the statute," which it had embodied in its first proposition.

[2, 3] It is urged in presenting ·this contention that the great weight and preponderance of the testimony against the jury's finding, presented mainly through the evidence of three reputable physicians, was such as to render the verdict clearly wrong, and require a reversal thereof at the hands of this court; but, after a careful review of the statement of facts, we are unable to so agree, concluding rather that there was such support for the finding that this court would be without authority to disturb it. It is true- that only one physician, and he an osteopathic physician and surgeon, testified in behalf of the appellee; but the fact that he belonged to a different school from the able physicians who testified on the other side in no way discounts his opinion in comparison with theirs. Under the law of the state, physicians of his school are required to pass the same examination for license to practice their profession as do other medical men. R. S. arts. 5739, 5742. No objection was raised concerning his professional competency to express an opinion on the question before the jury, and it has been held by eminent legal authority that an osteopathic physician is competent to express an opinion concerning an injury and disease and the treatment thereof. 22 Corpus Juris, p. 107, and cases cited in footnote.

On behalf of the appellee, this physician directly testified that it would be more than ordinarily unsafe for a man of appellee's age to submit to such an operation, and that, even if it were successfully performed there was no assurance that it would remain so, as it was liable to break out again at any time. In addition, the appellee himself was before the jury, testified as to his age, infirmities, etc., and gave it an opportunity to exercise its common sense in the matter in connection with the direct evidence of the physician referred to. Not only this, but the testimony of the physicians for the appellant indicates that none of them put the age of the appellee at more than 58, one of them as low as 49, and that their opinions that it would not be more than ordinarily dangerous for him to be so operated upon were in part at least based

upon that idea. One of them, Dr. Aves, on cross-examination, in reply to the 'question, "Isn't it.a fact, assuming Green is 71 years of age, that it is more than ordinarily unsafe to perform any operation as compared with a younger person?" answered, "Yes; I believe that is true." There are other considerations from which we adduce the conclusion of this court that the finding may not be set aside, but it is deemed unnecessary to particularize them.

[4] As concerns the second objection appellant seeks to present inveighing against the lump sum settlement, while we think it in no position to assert it, as before stated, if it were considered, it could not be upheld. The proposition urges that there is no evidence supporting that part of the judgment. If the presentment had been that that part of the award was against the weight and preponderance of the evidence, a serious question might have been raised, but it cannot be said, we think, that there is no evidence to support it.

Without the operation, the permanency of and the total incapacity resulting from the injury were not questioned. In addition, it was undisputedly shown that the old negro was dependent upon his own earnings for the support of himself and his wife; that he had no property; was 71 years of age at the time of the trial; and, to use his own language in testifying:

"I haven't done any work since I was hurt; go home and eat what I had to eat. I couldn't work. If I stoop down, the misery strikes me, and, if I step down from a high place, it hurts me. I am wearing a truss. Dr. Aves sent and got one, and been having it ever since."

Without further cataloguing the evidence, we are not prepared to hold that this situation did not furnish the trial court sufficient basis for the award of the lump sum. Texas Employers' Insurance Association v. Tabor (Tex. Civ. App.) 274 S. W. at page 313, par. 9; Indemnity Insurance Co. v. Scott (Tex. Civ. App.) 278 S. W. at page 348, pars. 1 and 2; Consolidated Underwriters v. Saxon (Tex. Com. App.) 265 S. W. at page 146, pars. 2, 3, and 4.

It follows from these conclusions that the judgment of the trial court should be affirmed. That order accordingly will be entered.

Affirmed.